UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

GRAZYNA SKLODOWSKA GREZAK,

                                              Plaintiff,

          -against-

EVELINA GREZAK AND NANCY RUBENSTEIN,

                                        Defendants.

-------------------------------------------------------------------------x

Case No.: 1:12-cv-04520-RJD-CLP
CIVIL ACTION

**VERIFIED ANSWER
TO FIRST AMENDED
COMPLAINT**

DEFENDANT DEMANDS
TRIAL BY JURY

      The defendant, NANCY RUBENSTEIN, by her attorneys, IVONE, DEVINE &
JENSEN, LLP, upon information and belief, answers the plaintiff's First Amended
Complaint herein as follows:

## ANSWERING NATURE OF THE ACTION

      1.    Denies each and every allegation contained in the paragraphs or subdivisions
of the Complaint designated "2".

      2.    Denies knowledge or information thereof sufficient to form a belief as to the
truth of the allegations contained in the paragraphs or subdivisions of the Complaint
designated "3" except admits EVELINA GREZAK is the daughter of the plaintiff, included
herein as an unwilling plaintiff in this matter.

## ANSWERING THE PARTIES, JURISDICTION AND VENUE

      3.    Admits the allegations contained in the paragraph of the Complaint
designated "4", "5" and "6".

      4.    Denies each and every allegation contained in the paragraphs or subdivisions
of the Complaint designated "7" and "9".

5.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "8".

## ANSWERING JURY TRIAL DEMANDED

6.     As to paragraph "10" of the Complaint, defendant agrees to a trial by jury.

## ANSWERING FACTUAL BACKGROUND

7.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "11" and alleges that because of HIPAA regulations and no authorization from the patient or Order of the Court to release confidential information regarding her care and treatment, this answering defendant may not do so at this time.

8.     Admits the allegations contained in the paragraph of the Complaint designated "12".

9.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "13", "21", "23", "24", "25", "26", "27", "28", "29", "30" and "31".

10.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "14" except as stated above.

11.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "15" except admits NANCY RUBENSTEIN is a medical doctor and psychiatrist who was engaged in May 2008 to treat the patient.

12.     Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "16", "17", "18", "19", "20" and "22".

## ANSWERING THE FIRST CAUSE OF ACTION
## AGAINST NANCY RUBENSTEIN

### DEFAMATION

13.     As to the paragraph of the Complaint designated "32" answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "2" through "31" inclusive with the same force and effect as if fully set forth at length herein.

14.     Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "33", "34", "37", "38", "39" and "41".

15.     Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "35" "40".

16.     Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "36" except refers conclusions of law to the Court.

## ANSWERING THE SECOND CAUSE OF ACTION
## AGAINST NANCY RUBENSTEIN

### LIBEL

17.     As to the paragraph of the Complaint designated "42" answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "2" through "41" inclusive with the same force and effect as if fully set forth at length herein.

18. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "43" except admits that Dr. RUBENSTEIN signed a letter that was submitted to the Judge in Family Court and refers to the terms of the letter.

19. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "44" and denies there were statements of fact and refers conclusions of law to the Court.

20. Denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "45" except refers to the terms of the letter.

21. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "46", "47" and "48".

### ANSWERING THE THIRD CAUSE OF ACTION
### AGAINST NANCY RUBENSTEIN

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. As to the paragraph of the Complaint designated "49" answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "2" through "48" inclusive with the same force and effect as if fully set forth at length herein.

23. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "50", "51", "51 a", "51 b", "51 c", "51 d" and "51 e", "52", "53" and "54".

## ANSWERING THE FOURTH CAUSE OF ACTION
## AGAINST NANCY RUBENSTEIN

### PRIMA FACIE TORT

24.     As to the paragraph of the Complaint designated "55" answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "2" through "54" inclusive with the same force and effect as if fully set forth at length herein.

25.     Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "56", "57", "58" and "59".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26.     That all statements, oral or written, by the defendant NANCY RUBENSTEIN, M.D. made for purposes of or in connection with the application of EVELINA GREZAK in Family Court in New York County, State of New York, were made with justification, and further were privileged, since made as a witness and potential witness in a legal proceeding therein.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27.     That the statements allegedly made by the defendant NANCY RUBENSTEIN, were statements of opinion that would not give rise to a cause of action for defamation, libel or slander and the alleged causes of action therefore do not state a valid cause of action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.     That the plaintiff GRAZYNA SKLODOWSKA GREZAK lacks standing to sue for or on behalf of EVELINA GREZAK, an adult daughter, for a cause of action related to

the medical care and treatment rendered to EVELINA GREZAK by NANCY RUBENSTEIN, M.D., and therefore any such allegations related thereto in the Complaint fail to state a cause of action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.     That statements allegedly made by the defendant NANCY RUBENSTEIN were truthful; and cannot form the basis for a cause of action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.     That the determinations by the Courts of the State of New York referred to in paragraphs #26 and #27 of the Complaint, including the Petition for Hospital Evaluation of EVELINA GREZAK pursuant to Section 9.43 of the New York Mental Hygiene Law; and the Petition filed by the plaintiff consisting of an Article 81 Guardianship action in the Supreme Court of the State of New York are res judicata and act as collateral estoppel to preclude relitigation of the issues litigated and that could have been litigated therein.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.     That each and every cause of action alleged in the Complaint is barred by the one year Statute of Limitations including the alleged actions for assault, battery, defamation, libel, slander, intentional infliction of emotional distress, and prima facie tort.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.     That the statements made by the defendant NANCY RUBENSTEIN, M.D. relating to the plaintiff herein, were made in good faith for the benefit of her patient, in connection with her care, treatment and advice rendered as a treating psychiatrist; and therefore there is justification, privilege and excuse for the statements made.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.    The plaintiff contributed to the events referred to in the Complaint by culpable conduct, including negligence on her part, so as to mitigate damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.    There is no physician-patient relationship between the plaintiff GRAZYNA SKLODOWSKA GREZAK and the defendant NANCY RUBENSTEIN and therefore no duty or privileges that flow from such relationship exist.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.    That the determination of Family Court that EVELINA GREZAK was entitled to a temporary Order of Protection, as against GRAZYNA SKLODOWSKA GREZAK, the plaintiff herein, is res judicata and acts as collateral estoppel to preclude relitigation of the issues litigated and those that could have been litigated therein.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36.    That this answering defendant is not engaged either at the present time or prior thereto, in any activity that would cause or did cause irreparable injury or any loss or damage resulting therefrom to any party to this action.

By reason fo the foregoing there is no justification or need for an injunction or restraining Order, as requested herein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37.    That the plaintiff GRAZYNA SKLODOWSKA GREZAK was, at the commencement to this action, and presently, is a resident and citizen of the Commonwealth of Pennsylvania, as alleged in paragraph 4 of the Complaint.

That the plaintiff aforementioned, has included her daughter EVELINA GREZAK, as an unwilling plaintiff in this matter, as alleged in paragraph 3 of the plaintiff's Complaint. That EVELINA GREZAK is a resident and citizen of 5 Tudor City Place, Apt. 1236, New York, New York 10017-6870, as alleged in paragraph 5 of the Complaint.

By reason of the foregoing, there is not complete diversity of the action as required so as to confer subject matter jurisdiction of this Court over this matter pursuant to 28 U.S.C. Section 1332, and therefore this Court does not have jurisdiction of the action.

WHEREFORE, defendant NANCY RUBENSTEIN demands judgment dismissing the plaintiff's First Amended Complaint together with the costs and disbursements of this action.

Dated:  Lake Success, New York
        January 22, 2013

Yours, etc.,

IVONE, DEVINE & JENSEN, LLP

By:     _William Robert Devine 7415_

WILLIAM ROBERT DEVINE (7415)
Attorneys for Defendant
NANCY RUBENSTEIN
2001 Marcus Avenue, Suite N100
Lake Success, New York 11042
(516) 326-2400

TO:

Darius A. Marzec, Esq.
MARZEC LAW FIRM, P.C.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK)
                ) ss.:
COUNTY OF NASSAU )

      ROBERT DEVINE,  being duly sworn, deposes and says:

      That he is a member of the firm IVONE, DEVINE & JENSEN, LLP, attorneys for the defendant NANCY RUBENSTEIN in the within action.

      That the within ANSWER is true to the knowledge of deponent except as to the matters which are therein stated to be alleged upon information and belief and as to those matters he believes them to be true.

      That deponent further says that he maintains his office for the practice of law at 2001 Marcus Avenue, Lake Success, State of New York, and the reason why this verification is made by deponent and not by the aforesaid defendant is that said defendant is not within the County of Nassau, where deponent has his office.

      That deponent further says that the sources of his information are documents, papers, data and investigation reports secured in preparation for the defense of this lawsuit.

                                         WILLIAM ROBERT DEVINE (7415)

Sworn to before me on
January 22, 2013

_____
Notary Public

GLORIA L. SANDS
Notary Public, State of NY
No. 01SA4854128
Qualified in Queens County
Comm. Expires March 9, 2014

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                        ) ss.:
COUNTY OF NASSAU )

Gloria Sands, being duly sworn, deposes and says that deponent is not a party to the action and is over the age of 18 years.

That on January 22, 2013, deponent served the within VERIFIED ANSWER TO FIRST AMENDED upon:

Darius A. Marzec, Esq.
MARZEC LAW FIRM, P.C.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.

_Gloria Sands_
Gloria Sands

Sworn to before me on
January 22, 2013

_Debra Murphy_
Notary Public

DEBORAH A MURPHY
Notary Public, State of New York
No. 4824518
Qualified in Nassau County
Commission Expires 1/30/2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GRAZYNA SKLODOWSKA GREZAK,                    Case No.: 1:12-cv-04520-RJD-CLP
                                                            CIVIL ACTION

                                 Plaintiff,

          -against-

EVELINA GREZAK AND NANCY RUBENSTEIN,

                                 Defendants.

VERIFIED ANSWER TO FIRST AMENDED COMPLAINT,

IVONE, DEVINE & JENSEN, LLP
Attorneys for Defendant
NANCY RUBENSTEIN
2001 Marcus Avenue
Lake Success, New York 11042
(516) 326-2400

          Pursuant to 22 NYCRR §130-1.1-a, the undersigned certifies that, to the best of my
knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the
presentation of these papers or the contentions therein are not frivolous as defined in §130-1.1(c).

Dated: January 22, 2013          By: _____
                                       William Robert Devine (7415)