☐ **ORIGINAL**

FILED
CLERK

2015 JUN 30 AM 9:55

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

Grazyna Sklodowska-Grezak
   Plaintiff,

   -against-

Evelina Grezak
   Defendant(s).
---------------------------------------X

NOTICE OF MOTION

12 cv 4520 RJD

PLEASE TAKE NOTICE that upon the annexed affidavit or affirmation of Grazyna Sklodowska-Grezak, sworn to or affirmed June 30, 2015 and upon the complaint herein, plaintiff will move this Court, _____, U.S.D.J., in room ___, United States Courthouse, Brooklyn, New York 11201, on the ___ day of _____, 20___, at _____ or as soon thereafter as Pro Se ~~counsel~~ can be heard, for an order pursuant to Rule _____ of the Federal Rules of Civil Procedure granting

Motion for Recusal of Magistrate Judge Cheryl L. Pollak Pursuant to 28 U.S.C. §455

Dated: June 30, 2015

Plaintiff Pro Se

Grazyna Sklodowska-Grezak
Signature
Grazyna Sklodowska-Grezak
Print Name
144 Wyndham Dr
Address
Cresco, PA 18326
201 681 0076
Phone #

June 30, 2015                                   12-cv-4520(RJD)(CLP)

Plaintiff Grazyna Sklodowska-Grezak seeks recusal of Magistrate Judge Cheryl L. Pollak.

Plaintiff moves U.S. District Court – Eastern District of New York (Brooklyn) to grant Plaintiff's Motion for Recusal on the ground that Judge Pollak is recused herself under 28 U.S.C. Section 455(a) from Civil Action No. 12-cv-4520(RJD)

Title 28 U.S.C. Section 455(a) provides in relevant part "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004), under § 455(b)(1), a judge is also required to recuse herself where she has a personal bias or prejudice concerning a party".

The relevant consideration under Section 455(a) is the appearance of partiality. Lijeberg v. Health Services Acquisition Corp. 486 U.S. 847, 108 S. Ct. 2194, 100 L.Ed 2d 855 (1988) The very purpose of 455(a) is to promote confidence ~~of~~ in the judiciary by avoiding even the appearance of impropriety whenever possible. Liljeberg, 108 S. Ct. at 2205

1.

The right to a "neutral and detached judge" in any proceeding is protected by the Constitution of United States and is an integral part of maintaining the public confidence in the judical system. ~~Ward v.~~ Marshall v. Jerrico, Inc. 446 U.S. 238, 243 (1980) Congress has sought to secure impartiality of judges by requiring them to step aside.

On September 10, 2012 Plaintiff filed this action against defendant Evelina Grezak, seeking monetary damages for defendant Grezak's alleged fraud and conversion. ~~On~~ During this case, pending about 3 years, Plaintiff on numerous occasions suffered significant Prejudice, Harm, financial costs, what was extremelly exarbated during Discovery to this case resulted in "Stay of Discovery." On May 15, 2015 Plaintiff asked the Court to close the case because ~~of p~~ she suffered Prejudice and Harm what can even result in death of her. And she seeks medical help for worsen physical condition in 2015 and lost her Health Insurance and Income. Due to prolonged Intimidation and Harassment of Plaintiff suported with the evidence she <u>filed Motions and</u> seeks a judicial decision affirming the above behavior from Lawyers and Defendant. On May 15, 2015 Magistrate Judge Pollak Ruled in favor of Lawyers and Defendant without addressing all the merits in Plaintiff's Motions for sanctions, injunctions

2.

requesting to terminate Defendant's Motion for Sanctions against Plaintiff and Defendant's Opposition to Plaintiff's Motion for Injunctions against adverse party, because the Judge allegedly has a personal interest in the outcome.

The magistrate Judge did not consider my remarks, that Lawyers repeatedly withold their filings to this Court from me. A judge is only supposed to talk about the substance of a case with both parties together. Mr. Marrec witheld many facts to this case. The most painfull for me is that he imputed wrong on me, guilt to twist the real facts and to have a false reason for his withdrawal. Next this Defamation of me and his withdrawal carefully witheld from me. The Magistrate Judge did not give me any oportunity to defense myself against false ofence on me. I will be harassed with his withdrawal based on such a reason to the end of my life. It was done multiple times already. Mr. Marrec was looking for a revenge for his Disqualification from this case. The harassment and Intimidation was excerbated at the end of 2014 and the entire time of 2015 from all Lawyers and Defendant when the Court and Plaintiff was looking for dialogue with Defendant. The Settlement was created. In Reality it was designed to hurt me for contacting Police and Courts and for non-compliance in general. I refuced to sign the such a document and "paid" for this during the Discovery According to the Record Judge Pollak has been in Conflict

3.

with her mother for the most of her life. The Judge was assigned to a matter where Defendant is in conflict with her mother as well. For this reason, Judge's personal background, there is a strong appearance of impropriety is created with Magistrate Judge Pollak. The Judge do not have her own daughter. It is hard to understand Plaintiff's grief over ruined mother-daughter Bond and pain from prolonged daughter's Harm. Once again, Plaintiff strongly believes that Judge's conflict with mother in the past questions Judge's impartiality and prevent her from treating the Plaintiff fairly. And the well-informed observer would question Judge Pollak's impartiality.

Judge Pollak's written comments on Orders in the matter of Lawyers, during the entire time of Plaintiff's battle with them, indicate Judge's strong biased view of pursuing matter against them that would lead a reasonable member of the public to question the impartiality of Judge Pollak. And a reasonable, well-informed observer could believe that the rulings on May 15, 2015 were based on impartiality, bias, in favor of Lawyers and Defendant against Plaintiff. Here, the Recusal will promote confidence. And the Judge may feel that for personal reasons, she will not be able to act impartially in any future proceeding in this matter if it will be continued.

For the foregoing reasons and arguments of law, the Plaintiff respectfully ask Honorable Judge Cheryl L. Pollak to consider recusing herself.

c.c. Judge Raymond J. Dearie
c.c. Magistrate Judge Cheryl L. Pollak
c.c. Beth Codos Finkelstein

Respectfully Submitted
Grazyna Sklodowska-Grezak
*Grazyna Sklodowska-Grezak*
Plaintiff Pro Se

------------------------------------------------------------------

OR: I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 30, 2015        _____
                                 Signature
                                 Plaintiff Pro Se

☐ **ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------- X
Grazyna Sklodowska-Grezak
           Plaintiff,

   -against-

Evelina Grezak
           Defendants.
--------------------------------- X

FILED
CLERK

2015 JUN 30 AM 9:55

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Affirmation of Service

12 cv 4520 (RJD)

I, Grazyna Sklodowska-Grezak, declare under penalty of perjury that I have served a copy of the attached Notice of Motion and Affirmation/Affidavit in support upon Beth Finkelstein Ropes and Gray LLP

whose address is: 1211 Avenue of the Americas New York, NY 10036.

Dated: June 30, 2015
            , New York

Grazyna Sklodowska-Grezak
Signature

144 Wyndham Dr
Address

Cresco, PA 18326
City, State & Zip Code

200 681 0076
Telephone