UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
GRAZYNA SKLODOWSKA GREZAK,

               Plaintiff,           **MEMORANDUM & ORDER**

            - against -                 12 CV 4520 (RJD) (CLP)

EVELINA GREZAK and NANCY RUBENSTEIN,

               Defendants.
----------------------------------------------------------------- x
DEARIE, District Judge

      The *pro se* plaintiff in this long-standing family dispute moves for reconsideration of and appeals from two post-settlement orders of Magistrate Judge Cheryl L. Pollak: (1) an order denying various motions for sanctions and injunctions against defendant, defense counsel, and plaintiff's former counsel as moot (the "Sanction Motions Order"); and (2) a leave-to-file order, requiring that plaintiff obtain prior approval from Judge Pollak before making certain future filings (the "Leave-to-File Order"). For the reasons discussed below, the Court declines to set aside or modify the Sanction Motions Order or the Leave-to-File Order in any respect.

      The Court also grants defendant's request to restrict access to docket entry 141.

## BACKGROUND

      After failed family court proceedings, plaintiff Grazyna Sklodowska Grezak filed this action on September 10, 2012, against: (1) defendant Evelina Grezak, her daughter, seeking monetary damages for defendant's alleged fraud and conversion; and (2) defendant Dr. Nancy Rubenstein, her daughter's treating psychiatrist, seeking monetary damages for, *inter alia*, libel and defamation. Complaint, ECF No. 1. The Court granted Dr. Rubenstein's motion to dismiss on September 30, 2014. ECF No. 57. Plaintiff's claims against her daughter, for opening of

credit cards in her name and stealing family heirlooms, survived. Id. However, the validity of the claims aside, it quickly became clear that the true issue in this case was the embittered estrangement between plaintiff and her daughter.

As the case bore on, plaintiff's relationship with her attorney, Darius Marzec, also soured. On November 12, 2014, plaintiff filed a letter motion seeking to disqualify Mr. Marzec as her attorney. ECF No. 63. And on December 30, 2014, Mr. Marzec renewed his earlier motion to withdraw as plaintiff's attorney. ECF No. 71. Accordingly, on December 31, 2014, Judge Pollak granted Mr. Marzec's request to withdraw and plaintiff's request to disqualify him as her attorney. ECF No. 72.

Now proceeding *pro se*, over the next five and a half months plaintiff filed a stream of motions, requests, and diatribes. ECF Nos. 73, 75-77, 80-82, 91, 93-94, 96-98, 100-02, 106-07, 110-11, 113, 115, 120-22, 127, 130. Included among these filings were multiple motions for sanctions and injunctions against (1) the defendant, (2) defense attorney Beth Finkelstein, and (3) plaintiff's former attorney, Mr. Marzec, based on plaintiff's belief that these parties were acting independently and together to threaten plaintiff and lie to the Court, thereby preventing plaintiff from prevailing in her case. ECF Nos. 73, 76, 80, 82, 94, 96-97. Plaintiff also objected to Mr. Marzec's efforts to collect unpaid fees and claimed he was keeping court and medical documents from her. ECF Nos. 73, 75-76.

Judge Pollak advised plaintiff on March 24, 2015, that the Court would address her motions in a forthcoming order but, "until then, plaintiff is directed to cease filing duplicative motions in this case." ECF No. 99. As the docket demonstrates, plaintiff was undeterred.[1]

---

[1] Plaintiff also filed an action in the Southern District of New York against Dr. Rubenstein and two medical professionals who worked to mediate this dispute. Sklodowska-Grezak v. Stein, No. 15-CV-1670 (LAP) (S.D.N.Y. filed June 19, 2015).

On May 15, 2015, in an attempt to resolve the many pending motions in this case, Judge Pollak brought plaintiff and Ms. Finkelstein into her chambers for a conference. ECF No. 132. A few moments into the conference, plaintiff asked to make a statement through her Polish interpreter, telling Judge Pollak, "I really don't want to continue this case anymore and I would like to put an end to it," and articulating her terms for doing so. ECF No. 136, Tr. at 4:5-7.

As the settlement terms were finalized, plaintiff asked Judge Pollak what would happen if defendant broke the agreement, and Judge Pollak told plaintiff that she would have to bring a new claim. Id. at 11:3-9. At this point, Ms. Finkelstein renewed an earlier motion that Judge Pollak require plaintiff to obtain prior approval from the Court before making future filings. Id. at 11:11-17. Judge Pollak, agreeing that such a requirement would be prudent, explained to plaintiff, "[b]asically . . . in the future, if you have an issue, you will file that with me and I will review it and indicate whether or not there's enough evidence to allow you to file a new case, okay?" Id. at 11:18-23. Plaintiff responded "[y]es," and Judge Pollak replied "[o]kay, we'll do that then." Id. at 11:24-25.

Finally, prior to signing the stipulation of dismissal, plaintiff asked Judge Pollak what would happen to her pending motions for sanctions and injunctions against defendant, Ms. Finkelstein, and Mr. Marzec. Id. at 13:8-16. Judge Pollak responded, "I will take a look at whatever you filed and we'll get something out on that shortly, okay?" Id. at 13:17-19. Plaintiff thanked Judge Pollak and signed the stipulation. Id. at 13:20-21; ECF No. 133 (stipulation).

Later that same day, Judge Pollak issued two post-settlement orders, addressing plaintiff's remaining motions. ECF Nos. 134-35. In the first order, the Sanction Motions Order, Judge Pollak (1) denied plaintiff's motions against defendant and Ms. Finkelstein as moot; (2) denied plaintiff's motions against Mr. Marzec as moot; and (3) granted in part and denied in

3

part plaintiff's motions to restrict certain docket entries to "case participants only." ECF No. 134. Judge Pollak also found that any issues regarding Mr. Marzec's fee collection efforts were not properly before the Court but directed Mr. Marzec to return to plaintiff any papers pertaining to this action not yet provided. Id. at 3.

In the second order, the Leave-to-File Order, Judge Pollak instructed that "[p]laintiff must obtain prior approval from [Judge Pollak] prior to: (1) filing any civil action in the Eastern District of New York against defendant; or (2) making any filings in the instant case . . . alleging that the settlement agreement has been breached." ECF No. 135 at 2.

Seventeen days later, on June 1, 2015, plaintiff moved for reconsideration or reargument of the Sanction Motions Order and the Leave-to-File Order under FRCP 60(b),[2] arguing, *inter alia*, that (1) she had new evidence to support her motions for sanctions and injunctions against defendant, Ms. Finkelstein, and Mr. Marzec, and (2) the Court did not follow the necessary procedures for instituting a leave-to-file requirement. ECF No. 137. Two weeks later, on June 15, 2015, plaintiff filed a notice of appeal from the same two orders. ECF No. 138.

A few days later, on June 19, 2015, plaintiff requested permission to file a reply to defendant's opposition to her motion for reconsideration and accused Ms. Finkelstein of criminal misconduct for filing a bad faith opposition. ECF No. 141. That same day, the Court granted plaintiff permission to reply but informed the parties that "[n]o additional filings w[ould] be considered" on the motion for reconsideration. When Ms. Finkelstein requested that the Court restrict access to docket entry 141, ECF No. 143, plaintiff accused her of violating the Court's June 19th order and the settlement agreement and requested she be censured, ECF No. 145. Finally, on June 30, 2015, plaintiff moved for Judge Pollak to recuse herself, accusing the

---

[2] Plaintiff also moved for reconsideration under FRCP 59(e), but reconsideration pursuant to 59(e) is inappropriate because plaintiff is not seeking reconsideration of a judgment.

4

magistrate judge of being biased in favor of defendant, Ms. Finkelstein, and Mr. Marzec, and citing this as another factor in support of plaintiff's motion for reconsideration. ECF No. 146.

DISCUSSION

I.  Motion for Reconsideration and Appeal

As an initial matter, "[t]he Court of Appeals does not process appeals from orders of magistrate judges absent consent to proceed before a magistrate judge." Milord v. Duran, No. 13-CV-5451 (KAM) (LB), 2014 WL 795759, at *1 (E.D.N.Y. Feb. 27, 2014); LoSacco v. City of Middletown, 71 F.3d 88, 91 (2d Cir. 1995). Under 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," and may reconsider such matters "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[3] "Accordingly, plaintiff's 'appeal' is treated as a motion for reconsideration directed to the [d]istrict [j]udge." Milford, 2014 WL 795759, at *1.

Pursuant to Rule 72(a), plaintiff had fourteen (14) days to file objections to the Sanction Motions Order and the Leave-to-File Order, after being served with a copy of each. Fed. R. Civ. P. 72(a); see also Local Civ. R. 6.3. Plaintiff argues that she did not receive notice of those two orders until May 20, 2015. Therefore, for the purposes of this order, the Court will assume that plaintiff's motion is timely. Timely or not, however, the motion is meritless.

"The standard for granting [a motion for reconsideration] is strict . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "In determining a motion for reconsideration, the court should consider: (1) whether there has been 'an intervening change of controlling law;'

---

[3]  The Court does not deem the Sanction Motions Order to fall under the exception to Section 636(b)(1)(A) for motions for "injunctive relief," because Judge Pollak merely denied plaintiff's motions as mooted by the settlement. However, to the extent the exception applies, the Court views those portions of the Sanction Motions Order as a recommendation under 28 U.S.C. § 636(b)(1)(B) and, despite plaintiff's objections, adopts such recommendation in whole.

5

(2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'" Ceparano v. Suffolk Cnty. Dep't of Health, No. 09-CV-558 (SJF) (AKT), 2014 WL 4385360, at *1 (E.D.N.Y. Sept. 4, 2014) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257 (citations omitted).

A. *Sanction Motions Order*

Plaintiff challenges the Sanction Motions Order by arguing that she has new evidence to support her motions for sanctions and injunctions against defendant, Ms. Finkelstein, and Mr. Marzec. After thorough review of plaintiff's filings, the Court finds that none of plaintiff's accusations "might reasonably be expected to alter the conclusion" reached by Judge Pollak. Id. Rather, the filings constitute "wasteful repetition of arguments already briefed, considered and decided." Hinds Cnty., Miss. v. Wachovia Bank N.A., 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010).

Additionally, even if plaintiff had raised new facts or controlling law to support her motions, Judge Pollak rightfully found that such motions are mooted by plaintiff's voluntary execution of a stipulation of dismissal of her claims in this case. The main basis for plaintiff's motions was plaintiff's belief that defendant, Ms. Finkelstein, and Mr. Marzec were acting independently and together to threaten plaintiff and lie to the Court, thereby preventing plaintiff from prevailing in her case. The case has now settled, eliminating the issue. See Martin–Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that

the relief sought can no longer be given or is no longer needed."). And Mr. Marzec's efforts to collect unpaid fees are clearly outside the purview of this Court.

Furthermore, even if plaintiff's motions were not mooted by the voluntary settlement, the Court finds that sanctions or injunctions against defendant, Ms. Finkelstein, and Mr. Marzec (including, to the extent requested, award of attorneys' fees, costs and expenses to plaintiff) are not justified and denies plaintiff's motions on that basis. The Court also denies plaintiff's request that the Court censure defense counsel for their post-settlement filings and notifications of case activity, which were not prohibited by the Court or the settlement agreement.

Plaintiff also accuses the Court of not permitting the parties to be heard in full (and not reviewing all of her filings) before ruling on the many motions at issue in the Sanction Motions Order. However, plaintiff's accusation could not be further from the truth. Plaintiff had ample opportunity to present her arguments, as evidenced by her many filings on these motions, and the Court thoroughly reviewed her submissions. To imply otherwise is a disservice to the efforts of Judge Pollak. Furthermore, as the transcript from the May 15, 2015, status conference makes clear, plaintiff did not request to be heard further on these motions before the magistrate judge made her decision.

Additionally, to the extent that plaintiff asserts that she did not voluntarily withdraw her case prior to resolving the pending motions for sanctions and injunctions, the Court finds that the transcript from the May 15, 2015, status conference does not support this claim.

Finally, in as far as plaintiff's motion for recusal of Judge Pollak accuses the magistrate judge of being biased in favor of defendant, Ms. Finkelstein, and Mr. Marzec, the Court finds no evidence of bias to support plaintiff's motion for reconsideration.

As such, the Court declines to set aside or modify the Sanction Motions Order.

B. *Leave-to-File Order*

Plaintiff challenges the Leave-to-File Order on the grounds that the Court did not follow the necessary procedures for instituting a leave-to-file requirement.

"The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998). "The procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order." Viola v. United States, 307 Fed. Appx. 539, 539 (2d Cir. 2009) (collecting cases); see also Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005).

Judge Pollak's March 24, 2015, order directing plaintiff "to cease filing duplicative motions in this case," satisfies the first prong of this standard, particularly in light of defendant's many requests for the Court to impose a leave-to-file requirement on plaintiff prior to Judge Pollak's March 24th order. And it is without question that plaintiff continued making frivolous filings after Judge Pollak's March 24th order, not to mention the numerous items that plaintiff filed even after settling the case. But plaintiff is correct that she had not been ordered to show cause why a leave-to-file requirement was not appropriate at the time of the Leave-to-File Order.

Nonetheless, the Court declines to set aside or modify the Leave-to-File Order for two reasons. First, the transcript from the May 15, 2015, status conference makes clear that Judge Pollak explained to plaintiff what a leave-to-file requirement would entail, and plaintiff made no objection to the imposition of such a filing sanction. Second, even if plaintiff's agreement to the

8

leave-to-file requirement at the status conference is not procedurally sufficient, plaintiff's motion for reconsideration of the Leave-to-File Order is the functional equivalent of a response to an order to show cause why filing sanctions are not appropriate. But despite plaintiff's protestations, the Court finds no reason why Judge Pollak's reasonable and narrowly tailored leave-to-file requirement—which only obtains to (1) new civil actions in the Eastern District of New York against defendant, and (2) filings in the instant case alleging that the settlement agreement has been breached—is not appropriate. See Iwachiw, 396 F.3d at 528 (laying out the factors a court must consider prior to restricting a litigant's future access to the courts).

Accordingly, the Court declines to set aside or modify the Leave-to-File Order.

II. Request to Restrict Access to Docket Entry 141

"The courts have long recognized a 'common law right of public access to judicial documents.'" Stern v. Cosby, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir.2006)); see also U.S. v. Erie Cnty., N.Y., 763 F.3d 235, 238-39 (2d Cir. 2014). However, "the weight to be accorded to the presumption of access must be determined by the exercise of judgment." U.S. v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). "Where . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." Id.

Here, defense counsel seeks to restrict access to docket entry 141, a letter requesting permission to file a reply on a motion for reconsideration, the only real substance of which is repeated in other filings by plaintiff. The Court is confident that, were this document to remain public, the average reader would appreciate the baselessness of the criminal allegations therein. However, because the weight of the presumption of access for such a document is low, and

9

because the document implicates countervailing reputational concerns, the Court grants Ms. Finkelstein's request to restrict access to docket entry 141 to "case participants only."

CONCLUSION

The federal district court provides a forum to find a non-violent way for parties to resolve their differences. But we are not magicians. Some disputes, born of blood, emotion, or vindictiveness, are beyond our reach and are better resolved, if at all possible, in a non-adversarial environment. Sadly, this is such a case.

Despite the extraordinary efforts of a talented and experienced magistrate judge, the Court was unable to find a lasting and satisfactory solution. Plaintiff is determined to perpetuate her claims, no matter their merit. But plaintiff has not provided sufficient basis for the Court to reconsider Judge Pollak's ruling on plaintiff's many motions for sanctions and injunctions against participants in this case, nor does the Court find any reason why Judge Pollak's reasonable and narrowly tailored leave-to-file requirement is not appropriate. Accordingly, plaintiff's motion for reconsideration and plaintiff's notice of appeal (also construed as a motion for reconsideration) of Judge Pollak's Sanction Motions Order and Leave-to-File Order are denied, and the Court declines to set aside or modify those orders in any respect. The Court also grants defendant's request to restrict access to docket entry 141 to "case participants only."

SO ORDERED.

Dated: Brooklyn, New York
July 10, 2015

/s/ Judge Raymond J. Dearie

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
RAYMOND J. DEARIE
United States District Judge