UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
GRAZYNA SKLODOWSKA GREZAK,

               Plaintiff,                      **MEMORANDUM & ORDER**

              - against -                    12 CV 4520 (RJD) (CLP)

EVELINA GREZAK and NANCY RUBENSTEIN,

               Defendants.
------------------------------------------------------------ x
DEARIE, District Judge

      On May 15, 2015, the *pro se* plaintiff in this long-standing family dispute, Grazyna Sklodowska Grezak, resolved her claims against her daughter, defendant Evelina Grezak, during a settlement conference before Magistrate Judge Cheryl L. Pollak. See ECF No. 136 (transcript of conference); ECF No. 133 (stipulation of discontinuance). Later that same day, Judge Pollak issued two post-settlement orders. ECF Nos. 134 and 135. In the first order, the Sanction Motions Order, Judge Pollak (1) denied plaintiff's motions against defendant Evelina Grezak and defendant's attorney, Beth Finkelstein, as moot; and (2) denied plaintiff's motions against her former attorney, Darius Marzec, as moot and found that any issues regarding his fee collection efforts were not properly before the Court. ECF No. 134. In the second order, the Leave-to-File Order, Judge Pollak instructed that "[p]laintiff must obtain prior approval from [Judge Pollak] prior to: (1) filing any civil action in the Eastern District of New York against defendant; or (2) making any filings in the instant case . . . alleging that the settlement agreement has been breached." ECF No. 135.

      Plaintiff subsequently moved for reconsideration of both orders and for the recusal of Judge Pollak. ECF Nos. 137, 138, and 146. On July 10, 2015, this Court denied plaintiff's motion for reconsideration and declined to set aside or modify the Sanction Motions Order or the

Leave-to-File Order in any respect. ECF No. 147. On August 4, 2015, Judge Pollak denied plaintiff's motion for her recusal. ECF No. 148. Plaintiff appealed both orders. ECF Nos. 149, 150. On August 20, 2015, plaintiff moved for leave to proceed *in forma pauperis*, and the Second Circuit transferred the motion to this Court for determination. ECF No. 153. For the reasons set forth below, plaintiff's motion is GRANTED.

DISCUSSION

"[A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court," with an affidavit attesting to "the party's inability to pay or to give security for fees and costs," "claim[ing] an entitlement to redress;" and "stat[ing] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). "The decision of whether to grant a request to proceed *in forma pauperis* is left to the [d]istrict [c]ourt's discretion . . . ." Burda Media Inc. v. Blumenberg, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010) (internal quotation marks and citation omitted). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); see also United States v. Farley, 238 F.2d 575, 576 (2d Cir. 1956) ("[I]f on consideration the trial judge is conscientiously convinced that there is no substantial question for review and that an appeal will be futile, . . . or if he is convinced that there is no reasonable basis for the claims of alleged error, . . . it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith.") (internal quotation marks and citations omitted); Burda, 731 F. Supp. 2d at 323 (denying petitioner's motion to proceed *in forma pauperis* because the court "ha[d] carefully considered [his] claims and found that they lack[ed] merit"). "'This threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor.'" Bishop v. Henry Modell

& Co., No. 08-CV-7541 (NRB), 2010 WL 1790385, at * 1 (S.D.N.Y. May 4, 2010) (quoting Miranda v. United States, 458 F.2d 1179, 1181 (2d Cir. 1972)). "Nevertheless, 'good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith.'" Id. (quoting Gomez v. United States, 371 F.Supp. 1178, 1179 (S.D.N.Y. 1974)).

Plaintiff has submitted an affidavit attesting to the fact that her monthly expenses exceed her income and that she would be unable to pay the filing fee for her appeal. ECF No. 153 at 4-5. She has not, however, identified the particular aspects that she wishes to address in this Court's denial of her motion for reconsideration and Judge Pollak's denial of her motion for recusal. Id. at 3. However, given plaintiff's *pro se* status, the Court has nonetheless reviewed the record. After review, the Court finds that plaintiff's motion for reconsideration of the Sanction Motions Order and the Leave-to-File Order and her motion for recusal of Judge Pollak were properly denied. Nonetheless, the Court finds that plaintiff's appeal is taken in good faith.

Accordingly, for the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
November 2, 2015

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge